**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **11-02429-dd**

### ORDER REGARDING AUTOMATIC STAY

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**05/24/2011**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 05/24/2011

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | Case No. 11-02429-dd |
| Marcella Jenithia Harris, f/k/a Marcella ) | |
| Singleton ) | |
| Debtor. ) | |
| ) | |

ORDER SUSTAINING OBJECTION TO 11 U.S.C. §362(l) CERTIFICATION
and
DETERMINATION THAT STAY DOES NOT APPLY TO ACTS TO OBTAIN
POSSESSION OF 2581 MORNING DOVE LANE, CHARLESTON SC

THIS MATTER is before the Court on the objection of Cory and Amanda White ("Whites") to a certification under 11 U.S.C. §362(l)[1] filed by Debtor with her petition and later amended and supplemented. The Whites' objection was filed May 18, 2011 and a hearing was held, within 10 days of the filing as required by §362(l)(3)(A), on May 24, 2011. The Debtor did not appear. The Whites were represented by Michael A. Timbes, Esq., who appeared telephonically.

The Debtor filed her petition for relief under chapter 7 of the Bankruptcy Code on April 13, 2011[2]. Official Bankruptcy Form 1 was used in the filing and the §362(l) certification section of the petition was completed by the Debtor. Each of the four statements contained therein was adopted by the Debtor's marking the applicable boxes and providing the name and address of the landlord, the Whites. These statements may be paraphrased as follows:

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 et. seq., will be by section number only.

[2] Ms. Harris, her son and related entities filed nine bankruptcy petitions from 1994 to 2000. The last of these cases was dismissed with prejudice to the filing of another bankruptcy petition for a period of one year. Case No. 00-09631-jw. The dismissal was premised on a finding of abuse and bad faith.

1. The landlord obtained a judgment for possession of residential real property against the tenant pre-petition.
2. The tenant claims a right under non-bankruptcy law that permits the cure of the default that led to the judgment for possession, even following entry of the judgment.
3. The tenant has deposited with the Bankruptcy Court the rent that would become due in the 30 day period following the bankruptcy petition.
4. The tenant has served the landlord with the certification.

Accompanying the certification is a copy of a letter to the Whites indicating that the certification is based on the Debtor's intention to complete the purchase of the property within 30 days and citing South Carolina Code § 27-40-800 (concerning a bond or other undertaking to obtain a stay of ejectment).

Pursuant to SC LBR 4001-5 the Debtor submitted to the Clerk of Court a money order payable to the Whites in the amount of $1,000, the rent referenced in the third statement of the certification. This money order has been delivered to the Whites. The local rule also requires the Debtor to provide the Clerk of Court with a copy of the judgment for possession. The Debtor did not provide the copy of the judgment and was notified of the deficiency by the Clerk of Court on April 21, 2011. A copy of the judgment for possession was filed with this Court on May 2, 2011. In the interim the Whites filed a motion for relief from the automatic stay imposed by §362(a) of the Bankruptcy Code. The Debtor did not file any response to the motion. A preliminary hearing was held on the motion for relief from stay filed by the Whites and that hearing was continued to May 24, 2011 to coincide with the hearing on the objection to Debtor's §362(l) certification.

The record before the Court consists of the Debtor's certification, the judgment for possession, and proffers from counsel for the Whites. It appears that the Debtor entered into a contract to purchase a house in Charleston, South Carolina from the Whites in late 2008. All of the parties knew that Ms. Harris needed financing for the purchase and she was permitted

to move into the house ahead of the sale. After some time the parties agreed that Ms. Harris would have until December 2009 to obtain financing to consummate the purchase of the house and that if she could not do so a month to month tenancy would ensue. Ms. Harris did not purchase the house. This month to month tenancy is terminable under South Carolina law on notice from the landlord to the tenant. Thereafter notice of termination of the tenancy was given to Ms. Harris and an eviction action was commenced. Ms. Harris commenced litigation against the Whites and the action was later consolidated with the eviction suit. Subsequently these matters were settled with a consent order allowing Ms. Harris until September 2010 to obtain financing for the purchase of the home and requiring a closing of the sale by the end of January 2011. On January 31, 2011 Ms. Harris moved to set aside the consent order and shortly thereafter the Whites sought a Rule to Show Cause to enforce the consent order and have Ms. Harris evicted. The motion to set aside was denied and an appeal was taken. The South Carolina Court of Appeals denied Ms. Harris' request for a stay pending appeal on April 1, 2011.

On March 22, 2011, the Court of Common Pleas entered an order that Ms. Harris immediately vacate the house and authorized the Sheriff to evict her. No appeal was taken from this order. On April 13, 2011, Ms. Harris filed her bankruptcy petition. Ms. Harris moved to dismiss her bankruptcy case on May 16, 2011, the day prior to the preliminary hearing on the Whites' motion for relief from the automatic stay. The United States Trustee has objected to dismissal.

The filing of a bankruptcy petition operates as a stay against any action to obtain possession of property of the bankruptcy estate or to exercise control over such property. § 362(a)(2). The stay does not extend to actions by a lessor to evict a debtor from residential

real property in which the debtor was a tenant when the lessor had obtained a judgment for possession before the date of the bankruptcy petition. § 362(b)(22). If the debtor files and serves a certification under § 362(l) the stay is applicable to residential eviction actions in which a judgment for possession has been entered but not yet enforced, but only for a period of 30 days. This certification can be challenged by the landlord, and if an objection is filed the court must hold a hearing within 10 days of the filing of the landlord's objection. Regardless, in order for the stay to continue the debtor must file an additional certification that any monetary default that gave rise to the eviction has been cured. § 362(l)(2). Where the default that gave rise to the eviction is not a monetary default, the exception of § 362(b)(22) to the imposition of the stay is immediate and § 362(l) does not provide even a short term 30 day stay. In re Griggsby, 404 B.R. 83 (Bankr. S.D. NY 2009).

Ms. Harris and the Whites had a residential rental agreement at one point. What began as a contract for Ms. Harris to purchase the house became an agreement for monthly rental after 2009, albeit with a continued option to purchase the house if financing could be arranged. This rental arrangement continued after the parties entered into a consent order and ended, before the bankruptcy case was filed, with an order for possession in favor of the Whites. Since the 30 day period of the stay, to the extent it existed, has expired without the additional certification required by § 362(l)(2) the Court need not reach the issue of the truthfulness of the certification. The Court does note that despite the contention in the certification, the Debtor has made no showing of any right under South Carolina law to make a post-judgment cure. The section of the South Carolina Code cited by Ms. Harris does not create a right to reinstate a lease after entry of a judgment for possession, it only provides for a stay pending appeal upon the posting of certain undertakings. No bond was posted in the

state court litigation. Further, Ms. Harris has not purchased the house and has not continued to pay rent to the Whites.

IT IS THEREFORE ORDERED, that the stay, if any, occasioned by the filing of the bankruptcy petition is no longer in effect as to any action to recover possession of the real property located at 2581 Morning Dove Lane, Charleston, South Carolina.

The Whites also ask for clarification that this order is immediately enforceable, in other words that there is no stay of this order prior to the expiration of the time for appeal. Fed. R. Bankr. P. 4001(a)(3) provides that an order granting a motion for relief from the automatic stay of § 362(a) is stayed until 14 days after the entry of such order, unless the court orders otherwise. To the extent that this provision applies, the Court orders that the relief granted by herein be effective immediately. Cause exists for immediate relief. First, Ms. Harris, having availed herself of a reprieve from the immediate enforcement of the state court's eviction order by the filing of this bankruptcy case and a § 362(l) certification, did not follow through with the purchase of the house and has not timely continued rental payments to the Whites but has continued to deprive them of possession. Second, Ms. Harris has sought dismissal of her bankruptcy case, which would terminate the stay as to all property, all actions and all creditors. Her request for dismissal has not been granted only because the United States Trustee has determined it necessary to review the bankruptcy filing. It thus appears proper that this order be effective and enforceable immediately.

AND IT IS SO ORDERED.